**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Janella Johnson and Ceacer Gooding, III, Defendants

Of whom Ceacer Gooding, III, is the Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-001252

———————————

Appeal From Greenville County
Tarita A. Dunbar, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-387
Submitted October 12, 2022 – Filed October 18, 2022

———————————

**AFFIRMED**

———————————

Amanda Stiles, of South Carolina Department of Social
Services, of Greenville, for Appellant.

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

**PER CURIAM:**  The South Carolina Department of Social Services (SCDSS) appeals a family court order denying its request to terminate Ceacer Gooding, III's (Father's) parental rights to his minor children (the children).  SCDSS argues the family court erred in finding clear and convincing evidence did not show (1) Father failed to remedy the conditions that caused the removal, (2) the children had been in foster care for fifteen of the most recent twenty-two months, (3) the children were harmed, and due to the repetition or severity of the harm, it was not reasonably likely Father's home could be made safe within twelve months, and (4) Father willfully failed to support the children.  SCDSS also argues the family court erred in finding termination of parental rights (TPR) was not in the children's best interests.  We affirm.

On appeal from the family court, an appellate court "reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interests.  S.C. Code Ann. § 63-7-2570 (Supp. 2022).  The grounds "must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We hold the family court properly found SCDSS failed to prove by clear and convincing evidence that Father failed to remedy the conditions that caused the removal.  *See* § 63-7-2570(2) (providing a statutory ground for TPR exists when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal").  Child 1 was removed from Father's home because of unsuitable living and housing conditions.  Child 2 was removed because her umbilical cord tested positive for drugs at birth, and Father had not completed treatment services in order to receive custody of Child 2.  Father has obtained suitable housing and has completed his placement plan.  Although SCDSS expressed concerns about

whether Father successfully completed all aspects of his placement plan, we hold SCDSS failed to prove by clear and convincing evidence that Father did not successfully complete the plan. Accordingly, we hold clear and convincing evidence does not support this ground.

We hold the family court properly found SCDSS failed to prove by clear and convincing evidence that the children had been in foster care for fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (stating a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"); *Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 101-02, 627 S.E.2d 765, 773 (Ct. App. 2006) ("[T]he purpose of the statutory ground allowing for [TPR] if a child has been in foster care for fifteen of the last twenty-two months is to ensure children do not languish in foster care when [TPR] would be in their best interests."). Although the children had been in foster care for over fifteen months at the time of the TPR hearing, the family court did not hold a merits hearing and issue a court-ordered placement plan for at least eight months after Child 1 entered care. Father completed his placement plan within a reasonable amount of time, and SCDSS has failed to prove by clear and convincing evidence that Father's inability to provide an adequate home environment contributed to the delay. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Accordingly, we hold clear and convincing evidence does not support this ground.

We hold the family court properly found SCDSS failed to prove by clear and convincing evidence that the children were harmed, and due to the severity or repetition of the harm, it was not reasonably likely Father's home could be made safe within twelve months. *See* § 63-7-2570(1) (providing a statutory ground for TPR is met when "[t]he child . . . has been harmed . . . , and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2022) ("'Child abuse or neglect' or 'harm' occurs when the parent . . . inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Child 1 was removed from Father's home because of unsuitable living and housing conditions, which he has since remedied. Child 2 was removed

because her umbilical cord tested positive for drugs at birth and Father had not completed treatment services in order to receive custody of her. Father has completed his placement plan and does not have a previous history with SCDSS. Accordingly, we hold clear and convincing evidence does not support this ground.

We hold the family court properly found SCDSS failed to prove by clear and convincing evidence that Father willfully failed to support the children. *See* § 63-7-2570(4) (stating a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child"); *id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means."). Father acknowledged he started sending items of support only a few months prior to the TPR hearing. However, Father explained why he had not supported the children before that time, and the family court found Father's explanation was reasonable. *See Lewis*, 392 S.C. at 385-86, 709 S.E.2d at 651-52 (stating that although an appellate court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Accordingly, we hold clear and convincing evidence does not support this ground. Because we hold SCDSS failed to prove by clear and convincing evidence any statutory ground for TPR, we need not address the children's best interests. *See* § 63-7-2570 (stating the family court may order TPR only upon finding a statutory ground for TPR is met *and* TPR is in the child's best interests).[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] To the extent, SCDSS argues the family court lacked authority to extend services pursuant to section 63-7-1700(F) of the South Carolina Code (Supp. 2022), we hold this argument is not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.